FILED by _____ YH ___ D.C.

Oct 10, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**19-20664-CR-BLOOM/LOUIS**

CASE NO. _____

26 U.S.C. § 5762(a)(3)
18 U.S.C. § 1512(b)(1)
18 U.S.C. § 1503
26 U.S.C. § 5761(c)(3)
26 U.S.C. § 5763(d)
18 U.S.C. § 981(a)(1)(C)

**UNITED STATES OF AMERICA**

vs.

**AKRUM ALRAHIB,**

    **Defendant.**

_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Federal Tobacco Excise Tax

1.    The Alcohol and Tobacco Tax and Trade Bureau ("TTB") administered and enforced Federal statutes and TTB regulations pertaining to, in part, tobacco products imported into the United States from a foreign country.

2.    Tobacco products included "cigars," which were defined as "any roll of tobacco wrapped in leaf tobacco or in any substance containing tobacco." 26 U.S.C. § 5702(a) and (c). "Large cigars" were cigars weighing more than three pounds per one thousand cigars. 26 U.S.C. § 5701(a)(2).

3.      A person or entity who imported tobacco products into the United States was required to pay excise tax ("Federal Tobacco Excise Tax") to the United States government. 26 U.S.C. § 5703(a)(1).

4.      Federal Tobacco Excise Tax on imported large cigars was determined at the time the cigars were removed by the importer, or its designee, from the custody of United States Customs and Border Protection ("CBP") and entered domestic commerce. 26 U.S.C. § 5703(b)(1).

5.      The importer, or its designee, was required to pay Federal Tobacco Excise Tax directly to CBP on or about the date on which the large cigars were released from CBP's custody. 27 C.F.R. § 41.41.

6.      Tobacco importers often designated customs brokers to facilitate the importation of tobacco products into the United States. A customs broker was a person who was licensed to transact customs business, including, in part, the payment of duties, taxes, or other charges assessed or collected by CBP on merchandise by reason of its importation, on behalf of others. 19 C.F.R § 111.1.

7.      Federal Tobacco Excise Tax properly due and owing on imported large cigars was calculated based on a statutorily mandated percentage of the price for which the cigars were to be sold by the importer (the "first sale price"). 26 U.S.C. § 5701(a)(2); 27 C.F.R. § 41.39.

8.      The Federal Tobacco Excise Tax rate for large cigars was 52.75 percent of the first sale price, but not more than 40.26 cents per cigar. 26 U.S.C. § 5701(a)(2).

9.      Importers typically charged their customers (a) the price of the tobacco products; (b) any markup charged by the importer; and (c) the importer's costs and fees, including the amount of Federal Tobacco Excise Tax paid by the importer.

10.     Proper and truthful recordkeeping and documentation as mandated by Federal law and regulations was essential to enable CBP to perform its function with respect to collecting Federal Tobacco Excise Tax properly due and owing.

## IST BRANDS, Inc.

11.     IST BRANDS, Inc. ("IST BRANDS") was a tobacco distribution company incorporated in Florida on or about April 20, 2018.

12.     Defendant **AKRUM ALRAHIB** was the President and owner of IST BRANDS and several related entities, which manufactured and sold tobacco products in Florida, California, the Dominican Republic, and elsewhere.

13.     IST BRANDS sold various tobacco products, including large cigars, which were imported from the Dominican Republic.

14.     On or about December 26, 2018, IST BRANDS filed amended articles of incorporation naming **AKRUM ALRAHIB** as President, Vice President, Secretary, and Registered Agent of IST BRANDS.

15.     On or about May 31, 2019, IST BRANDS filed an amended annual report naming **AKRUM ALRAHIB** as President and Vice President of IST BRANDS and adding J.G. as Secretary of the company.

16.     On or about July 9, 2019, IST BRANDS filed an amended annual report naming J.G. as President, Vice President, and Secretary of IST BRANDS and removing **AKRUM ALRAHIB** as officer of the company.

## COUNTS 1-10
### Fraudulent Refusal to Pay or Evasion of Federal Tobacco Excise Tax
### (26 U.S.C. § 5762(a)(3))

1.      The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates set forth as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**AKRUM ALRAHIB,**

did willfully, and with intent to defraud the United States, refuse to pay and attempt to evade and defeat the Federal Tobacco Excise Tax properly due and owing on imported large cigars, and the payment thereof, as set forth as to each count below:

| COUNT | APPROX. DATE | CBP ENTRY NUMBER | CLAIMED FIRST SALE PRICE (PER UNIT) | APPROX. TAX EVADED |
|-------|--------------|------------------|-------------------------------------|--------------------|
| 1 | 5/10/2019 | EJ201437921 | $0.02236 | $26,814.91 |
| 2 | 5/10/2019 | EJ201437939 | $0.04074 | $8,501.26 |
| 3 | 5/12/2019 | EJ201437897 | $0.04074 | $8,501.26 |
| 4 | 5/12/2019 | EJ201437905 | $0.02236 | $26,814.91 |
| 5 | 5/31/2019 | EJ201440099 | $0.04074 | $8,501.26 |
| 6 | 6/8/2019 | EJ201441287 | $0.03933 | $8,543.31 |
| 7 | 6/16/2019 | EJ201442541 | $0.04074 | $8,500.89 |
| 8 | 6/30/2019 | EJ201444422 | $0.02236 | $26,814.91 |
| 9 | 6/30/2019 | EJ201444885 | $0.04074 | $8,500.89 |
| 10 | 7/26/2019 | EJ201448548 | $0.04078 | $8,278.81 |

In violation of Title 26, United States Code, Section 5762(a)(3), and Title 18, United States Code, Section 2.

## COUNT 11
**Witness Tampering**
**(18 U.S.C. § 1512(b)(1))**

1.    The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2.    From at least on or about July 22, 2019, through at least on or about September 19, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**AKRUM ALRAHIB,**

did knowingly and willfully attempt to corruptly persuade another person, that is, J.G., with intent to influence, delay, and prevent the testimony of J.G. in an official proceeding, that is, a Grand Jury criminal investigation proceeding before Federal Grand Jury 19-03 (MIA).

In violation of Title 18, United States Code, Sections 1512(b)(1) and 2.

## COUNT 12
**Obstruction of Justice**
**(18 U.S.C. § 1503)**

1.    The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2.    From at least on or about July 22, 2019, through at least on or about September 19, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**AKRUM ALRAHIB,**

did knowingly and willfully corruptly influence, obstruct, and impede, and endeavor to corruptly influence, obstruct, and impede, the due administration of justice by offering to pay J.G. to move to Mexico for several years in order to prevent J.G. from testifying in an official proceeding, that is, a Grand Jury criminal investigation proceeding before Federal Grand Jury 19-03 (MIA).

In violation of Title 18, United States Code, Sections 1503 and 2.

In violation of Title 18, United States Code, Sections 1503 and 2.

## FORFEITURE
### (26 U.S.C. § 5761(c)(3), 26 U.S.C. § 5763(d),
### and 18 U.S.C. § 981(a)(1)(C))

1.      The allegations in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **AKRUM ALRAHIB**, has an interest.

2.      Upon conviction of a violation of Title 26, United States Code, Section 5762(a)(3), as alleged in this Indictment, the defendant shall forfeit to the United States:

a.      All tobacco products and cigarette papers or tubes relanded within the jurisdiction of the United States in violation of such offense pursuant to Title 26, Untied States Code, Section 5761(c)(3);

b.      All vessels, vehicles, and aircraft used in relanding or in removing tobacco products and cigarette papers or tubes in violation of such offense pursuant to Title 26, Untied States Code, Section 5761(c)(3); and

c.      Any property, real or personal, intended for use in violating such offense, or regulations thereunder, or which has been so used pursuant to Title 26, United States Code, Sections 5763(d) and 7302.

3.      Upon conviction of a violation of Title 18, United States Code, Sections 1503 or 1512, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4.      The property to be forfeited includes, but is not limited to, a sum of at least $1,950,000, which represents the total amount of property, real or personal, intended for use in

violating such offense, or regulations thereunder, or which has been so used and which may be sought as a forfeiture money judgment.

5.    If any of the property described above, as a result of any act or omission of the defendant:

> a)    cannot be located upon the exercise of due diligence;
>
> b)    has been transferred or sold to, or deposited with, a third party;
>
> c)    has been placed beyond the jurisdiction of the court;
>
> d)    has been substantially diminished in value; or
>
> e)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 26, United States Code, Sections 5761(c)(3), 5763(d), and 7302 and Title 18, United States Code Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

CHRISTOPHER B. BROWNE
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.

AKRUM ALRAHIB,

_____
Defendant.                    /

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New defendant(s)           Yes _____   No _____
Number of new defendants   _____
Total number of counts     _____

**Court Division**: (Select One)
✓ Miami   ___ Key West
___ FTL   ___ WPB   ___ FTP

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)     No
    List language and/or dialect     _____

4.  This case will take __5__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

(Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ✓ | Petty | |
| II | 6 to 10 days | | Minor | |
| III | 11 to 20 days | | Misdem. | |
| IV | 21 to 60 days | | Felony | ✓ |
| V | 61 days and over | | | |

(Check only one)

6.  Has this case previously been filed in this District Court?     (Yes or No)     No
    If yes: Judge                                    Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?       (Yes or No)     Yes
    If yes: Magistrate Case No.                      19-MJ-03519-GOODMAN
    Related miscellaneous numbers:                   19-20165-CR-SMITH
    Defendant(s) in federal custody as of            09/23/2019
    Defendant(s) in state custody as of              _____
    Rule 20 from the District of                     _____

    Is this a potential death penalty case? (Yes or No)     No

7.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?     Yes _____     No ✓

8.  Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes _____     No ✓

CHRISTOPHER B. BROWNE
ASSISTANT UNITED STATES ATTORNEY
FL BAR NO. 91337

*Penalty Sheet(s) attached

REV 8/13/2018

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: AKRUM ALRAHIB

**Case No**: _____

Counts #: 1-10

Fraudulent Refusal to Pay or Evasion of Federal Tobacco Excise Tax

Title 26, United States Code, Section 5762(a)(3)

**\*Max. Penalty:**     Five (5) Years' Imprisonment as to each count

Count #: 11

Witness Tampering

Title 18, United States Code, Section 1512(b)(1)

**\*Max. Penalty:**     Twenty (20) Years' Imprisonment

Count #: 12

Obstruction of Justice

Title 18, United States Code, Section 1503

**\*Max. Penalty:**     Ten (10) Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable\***